UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CITY OF SEATTLE, ) | |
| ) | CASE NO. C13-0585-JLR-MAT |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| MICKEY MANUEL, ) | |
| ) | |
| Defendant. ) | |

INTRODUCTION AND SUMMARY CONCLUSION

Mickey Manuel is a *pro se* inmate detained at the King County Correctional Facility on pending state criminal charges.  Citing 28 U.S.C. §§ 1441 and 1455, he filed a notice to remove Seattle Municipal Court No. 586738, a non-traffic criminal matter filed against him on March 28, 2013.  (Dkt. 1 (Notice of Removal)); http://dw.courts.wa.gov.  For the reasons set forth below, the Court recommends this matter be summarily DISMISSED and REMANDED back to state court, and plaintiff's motion to proceed in forma pauperis ("IFP") (Dkt. 1-1) be STRICKEN as moot.

REPORT AND RECOMMENDATION
PAGE -1

Section 1441 governs the removal of civil actions and is, therefore, inapplicable to this criminal matter. Under § 1455(a), a criminal defendant may remove a criminal prosecution from a state court by filing "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action." The notice of removal "shall include all grounds for such removal." § 1455(b)(2). The district court "shall examine the notice promptly[]" and order summary remand "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted[.]" *Id*. at (b)(4).

Mr. Manuel alleges denial of "rights secured to Respondent by [statutes] providing for due process, the equal civil rights of citizens of the United States and rights under the fourteenth amendment to the Constitution of the United States including, but not exclusive to false arrest, false imprisonment and cruel and unusual punishment[.]" (Dkt. 1 at 1-2.) He explains that this and two related cases, *City of Seattle v. Manuel*, C13-584-MJP-BAT (relating to Seattle District Court No. 513PA5048) and *Harborview Medical Center v. Manuel*, C13-583-MJP-JPD (relating to King County Superior Court No. 13-6-0053A-9-SEA), stem from a February 2013 incident involving an altercation with his neighbor over property lines and removal of a fence, after which plaintiff was "brought to the King County Correctional Facility based on allegations of assault." (*Id*. at 2.) Mr. Manuel alleges, in substantive part, that following his involuntary detention, medication, and treatment at Harborview Medical Center's Psychiatric Unit, he was transferred back to the King County Correctional Facility and held for failure to appear regarding the allegations of assault. (*Id*. at 2-3.) He maintains a criminal complaint has not been filed against him, that he has not waived his criminal speedy

REPORT AND RECOMMENDATION
PAGE -2

trial rights, and that the pending actions constitute improper "forum shopping[.]"  (*Id.* at 3.)

Mr. Manuel does not set forth grounds for removal.  As a criminal defendant, he may remove his state court case to federal court only in limited circumstances.  Only 28 U.S.C. §§ 1442 ("Federal officers or agencies sued or prosecuted"), 1442a ("Members of armed forces sued or prosecuted"), and 1443 ("Civil rights cases") provide for removal of state criminal cases to federal court.  *See North Carolina v. Peggs*, 2012 WL 1392353 at *2 (M.D.N.C. April 23, 2012).  The first two statutes are inapplicable, as Mr. Manuel makes no claim he is a federal officer or a member of the armed services who is being prosecuted for an act done under color of the office.  *See* §§ 1442(a), 1442a.

Section 1443 allows for removal where a criminal defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]"  28 U.S.C. § 1443(1).  Removal under § 1443(1) is permitted only where a defendant is deprived rights guaranteed by federal laws providing for racial equality, and cannot enforce those rights in state court, typically as a result of a state statute or constitutional provision.  *Johnson v. Mississippi*, 421 U.S. 213, 219-20 (1975); *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006).  A criminal defendant must assert that the state will not enforce rights given to him by "explicit statutory enactment protecting equal racial civil rights[,]" and must support this allegation "by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *People of State of Cal. v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970).

Mr. Manuel's allegations suggest his belief in the improper handling of his case by the

REPORT AND RECOMMENDATION
PAGE -3

state courts.  However, removal under § 1443(1) requires more than a simple allegation that one's federal rights have been improperly denied by the state, or that one cannot obtain a fair trial in the state court.  *City of Greenwood v. Peacock*, 384 U.S. 808, 827-828 (1966).  "Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court."  *Id.*  Under these standards, Mr. Manuel's notice fails to establish that removal under § 1443(1) is appropriate.

Section 1443(2) allows for removal where a criminal defendant is being prosecuted "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."  "[T]his subsection of the removal statute is available only to federal officers and to persons assisting such officers in the performance of their official duties."  *City of Greenwood*, 384 U.S. at 815.  As there is nothing in the notice of removal showing Mr. Manuel is a state or federal officer, or working for one, there is no basis for removal under § 1443(2).

In short, Mr. Manuel fails to show he is being prosecuted pursuant to a state law that purports to command state courts to ignore federal rights.  To the extent he raises defenses to his criminal charges, he should raise them in state court proceedings, not through a removal action.  *See Johnson*, 421 U.S. at 219 (defendant seeking removal of his criminal case must show he cannot enforce federal rights in State court).  Moreover, to the extent Mr. Manuel argues his state criminal case should be removed because federal constitutional rights are at issue, those rights may be addressed in the state courts.  *See, e.g., Robb v. Connolly*, 111 U.S.

624, 635-36 (1884) ("In establishing [federal] courts, Congress has taken care not to exclude the jurisdiction of the State courts" from "consideration and determination of questions involving an authority, or a right, privilege, or immunity, derived from the constitution and laws of the United States.").

For the reasons described above, this Court should not permit removal. Instead, the Court should DISMISS and REMAND this action to the state courts, and STRIKE the IFP application as moot. A proposed Order accompanies this Report and Recommendation.

DATED this 5th day of April 2013.

Mary Alice Theiler
United States Magistrate Judge